IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHASMAN WALLACE, | : | |
| Plaintiffs, | : | |
| vs. | : | CIVIL ACTION 21-0213-TFM-C |
| DEAN WILSON FARM, LLC, and TRAVIS WILSON, | : | |
| Defendants. | : | |

## **REPORT & RECOMMENDATION**

Plaintiff filed this action against two defendants on May 4, 2021, asserting a claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Doc. 1). In response, Defendants filed a motion to dismiss those claims on June 8, 2021. (Doc. 4). Plaintiff then filed an amended complaint on June 21, 2021 (Doc. 8) which prompted a motion to dismiss the amended complaint that was filed by Defendants on July 6, 2021 (Doc. 12). Plaintiff responded to the second motion to dismiss on July 15, 2021 (Doc. 15) and defendants filed a reply on July 29, 2021 (Doc. 16). After hearing oral argument on August 5, 2021, the undersigned found the original motion to dismiss to be moot based on the express statements from counsel that the operative motion to dismiss was the most recent motion. See Endorsed Order dated August 5, 2021 (Doc. 20).

This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(1). See Order of August 5, 2021 (Doc. 21). Upon review of the pleadings and after

hearing oral argument, it is **RECOMMENDED** that the motion to dismiss the amended complaint should be **DENIED**.

## I. Summary of Complaint Allegations.

Defendants Dean Wilson Farm, LLC ("DWF") and Travis Wilson are alleged to be the owners and operators of a fish farm in Marion Junction, Alabama. According to Plaintiff, he was employed by the Defendants as an hourly employee from 2015 until August 2021.[1] It is alleged that at all times during his employment, plaintiff was an hourly employee but was paid as though he were exempt from the overtime wage protections of the FLSA, 29 U.S.C. §§ 206-207.

During Plaintiff's employment with the Defendants, he worked as an oxygen reader, but his primary duty was driving and detailing Defendants' trucks. As an oxygen reader he would monitor the aerators on the fish tanks. Specifically, he would read the oxygen levels and make adjustments based on those reading to ensure the oxygen levels remained within the range specified by his employers. These duties would require the manual operation of oxygen probes and aerators.

When Plaintiff worked the night shift, he never or almost never handled, farmed, cultivated, or otherwise engaged with the fish. During those times when he worked the day shift, he rarely handled, farmed, cultivated, or otherwise engaged with the fish.

---

[1] Defendants take issue with this factual allegation regarding Plaintiff's tenure with the farm that is contained both in the Complaint and Amended Complaint. Defendants argue that both complaints were file prior to August 2021 and furthermore, Plaintiff resigned his position in 2019. While it does appear that this factual allegation lacks credibility, the factual dispute over the term of Plaintiff's employment is not critical to the resolution of the motion to dismiss but is noted for discussion at a later date in the progress of this action.

2

Plaintiff was paid his regular hourly rate for all hours worked even for those hours in excess of 40 hours during the week. During the term of his employment, he would regularly work between 50 and 68 hours per week.

## II. Discussion and Analysis.

Defendants have moved to dismiss this action on the theory that the Plaintiff is exempt from the provisions of §§ 206 and 207 of the FLSA pursuant to 29 U.S.C. § 213(a)(5). ("The provisions of sections 206 … and 207 of this title shall not apply with respect to … (5) any employee employed in the catching, taking, propagating, harvesting, cultivating, or farming of any kind of fish…."). Counsel for both parties advised the Court during oral argument that there is no binding precedent analyzing the applicability of this exemption to a factual situation similar to the one existing in this action. Therefore, a determination that the exemption applies would require an application of the statute to the particular facts established in this case at the present time. The analysis may be assisted by review of cases that have discussed the application of the exemption at issue. Since this issue is raised in a motion to dismiss, the only facts available are those contained in Plaintiff's amended complaint.

"[T]he general rule [is] that the application of an exemption under the [FLSA] is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); *Ramirez v. Statewide Harvesting & Hauling, LLC*, 997 F.3d 1356, 1359 (11th Cir. 2021) ("The employer bears the burden of establishing that an employee is exempt."). Exemptions under the FLSA should be interpreted fairly, not narrowly

as was the case prior to the Supreme Court's decision in *Encino Motorcars, LLC v. Navarro*, ⸺ U.S. ⸺, 138 S. Ct. 1134, 1142, 200 L.Ed.2d 433 (2018). *Id.*

"Generally, the existence of an affirmative defense will not support a motion to dismiss," unless the allegations of the complaint establish the existence of the affirmative defense. *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). Contrary to the position of the Defendants, the facts presented so far do not establish the clear existence of an exemption that would justify the dismissal of this cause of action.

It is without dispute that the FLSA provides for overtime pay, except as otherwise provided,

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce...or is employed in an enterprise engaged in commerce...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). This provision of "[t]he FLSA establishes a general presumption that entitles all workers to time-and-a-half overtime pay for hours worked in excess of 40 per week." *Falken v. Glynn County, Georgia*, 197 F.3d 1341, 1345 (11th Cir. 1999). "[29 U.S.C. s]ection 213, however, lists a host of exemptions to the FLSA's minimum wage and maximum hour requirements. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1156 (11th Cir. 2008).

The specific exemption identified by Defendants as being applicable to this case is found in 29 U.S.C. § 213(a)(5):

> The provisions of sections 206 (except subsection (d) in the case of paragraph (1) of this subsection) and 207 of this title shall not apply with respect to—

4

**(5)** any employee employed in the catching, taking, propagating, harvesting, cultivating, or farming of any kind of fish, shellfish, crustacea, sponges, seaweeds, or other aquatic forms of animal and vegetable life, or in the first processing, canning or packing such marine products at sea as an incident to, or in conjunction with, such fishing operations, including the going to and returning from work and loading and unloading when performed by any such employee[.]

When considering exemptions from the coverage of the FLSA courts should keep in mind that the exemptions should be interpreted fairly, not narrowly. *Encino Motorcars, LLC v. Navarro*, ⎯⎯ U.S. ⎯⎯, 138 S. Ct. 1134, 1142, 200 L.Ed.2d 433 (2018). The exemption should be given its fair meaning. *Ramirez*, 997 F.3d at 1359 ("So we too must give the agriculture exemption its fair meaning. *See* Scalia & Garner, *Reading Law*, at 33 (describing 'fair reading' as 'how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued.')."

Long ago the Fifth Circuit held that the FLSA dealt with different categories of exemptions. One category is described as exemptions dealing with all of the employees within an industry of a seasonal nature and with any employee employed in connection with the publication of a certain classification of newspaper. Within this first category, the Court also identified exemptions for employees engaged in a particular type of establishment. However, the exemption pertinent to this case was found to be restricted to those employees engaged in the exempt activity. *Mitchell v. Trade Winds Co.*, 289 F.2d 278, 282 (5th Cir. 1961) ("On the other hand the section with which we are concerned grants the exemption to 'any employee employed in the catching, taking, harvesting, cultivating, or farming … including … processing …' We think our decision in *Walling v. W. D. Haden Co.*, 5 Cir., 153 F.2d 196, *certiorari denied* 328 U.S. 866, 66 S.Ct. 1373, is

5

authority for the proposition that the exemption before us here is restricted to those employees engaged in the exempt activity.").[2]

This decision by the Fifth Circuit is also supported by regulations following the 1961 amendments to the FLSA:

> The language of the Managers on the Part of the House in the conference report and of the Senate committee in its report, as quoted above, is consistent with the position supported by the earlier legislative history and by the courts, that the exemption of an employee under these provisions of the Act depends on what he does. The Senate report speaks of the exemption "for employees engaged in fishing and in specified activities" and of the "activities now enumerated in this section." While this language confirms the legislative intent to continue to provide exemptions for employees employed in specified activities rather than to grant exemption on an industry, employer, or establishment basis (see Mitchell v. Trade Winds, Inc., 289 F. 2d 278), the report also refers with apparent approval to certain prior judicial interpretations indicating that the list of activities set out in the exemption provisions is intended to be "a complete catalog of the activities involved in the fishery industry" and that an employee to be exempt, need not engage directly in the physical acts of catching, processing, canning, etc. of aquatic products which are included in the operation specifically named in the statute (McComb v. Consolidated Fisheries Co., 174 F. 2d 74). It was stated that an interpretation of section 13(a)(5) and section 13(b)(4) which would include within their purview "any employee who participates in activities which are necessary to the conduct of the operations specifically described in the exemptions" is "consistent with the congressional purpose" of the 1961 amendments. (See Sen. Rep. No. 145, 87 Cong., first session, p. 33; Statement of Representative Roosevelt, 107 Cong. Rec. (daily ed.) p. 6716, as corrected May 4, 1961.) From this legislative history the intent is apparent that the application of these exemptions under the Act as amended in 1961 is to be determined by the practical and functional relationship of the employee's work to the performance of the operations specifically named in section 13(a)(5) and section 13(b)(4).

29 C.F.R. § 784.105 (October 22, 2021).

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent Fifth Circuit decisions entered on or before September 30, 1981).

Thus, in order for Defendants to successfully carry their burden on a motion to dismiss, they were to show that the Plaintiff's work activities were exempt activities. The evidence so far is that he worked as an oxygen reader, but his primary duty was driving and detailing Defendants' trucks. As an oxygen reader he would monitor the aerators on the fish tanks. Specifically, he would read the oxygen levels and adjust based on those readings to ensure the oxygen levels remained within the range specified by his employers. These duties would require the manual operation of oxygen probes and aerators.

When Plaintiff worked the night shift, he never or almost never handled, farmed, cultivated, or otherwise engaged with the fish. During those times when he worked the day shift, he rarely handled, farmed, cultivated, or otherwise engaged with the fish.

This evidence appears to contain both exempt and non-exempt work activities that have not been compartmentalized by the Defendants. Their position is that since Plaintiff was employed by an onshore catfish farm, any work done for his employer was related to farming operations and thus exempt. The undersigned disagrees with this position. It will be important to identify his specific duties and the work that he performed in order to determine what work activities, if any, are exempt under the specific exemption identified by the Defendants.

### III.   Conclusion.

For these reasons, it is recommended that Defendants' motion to dismiss (Doc. 12) be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 26th day of October 2021.

                              s/WILLIAM E. CASSADY
                              UNITED STATES MAGISTRATE JUDGE